**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

---

| | | |
|---|---|---|
| DAYANNAH WOODY-STOKES, *on behalf of herself and all others similarly situated*, 51 Cloverdale Ave., 1st Fl. E Upper Darby, PA 19082 | : : : : : | NO.: _____ JURY TRIAL DEMANDED |
| Plaintiff, | : : | |
| v. | : : | |
| SPARTAN RACE, INC. 234 Congress Street, 5th Fl. Boston, MA 02110 | : : : : | |
| and | : : | |
| OCR US HOLDINGS, LLC d/b/a TOUGH MUDDER 234 Congress Street, 5th Fl. Boston, MA 02110 | : : : : : | |
| Defendants. | : | |

---

**COLLECTIVE ACTION COMPLAINT**

Plaintiff, Dayannah Woody-Stokes ("Plaintiff"), hereby brings this action against Defendants, Spartan Race, Inc. and OCR US Holdings, LLC d/b/a Tough Mudder ("Defendants"), and alleges, upon personal belief as to her own acts, and upon information and belief as to the acts of others, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this complaint contending that Defendants unlawfully failed to pay her and other similarly situated individuals employed in the position of Festival Event Staff and/or Branding Lead ("Class Plaintiffs"), overtime compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2. Plaintiff is a current employee of Defendants and is currently employed in the position of Branding Lead, which is part of the Festival Event Staff. Plaintiff and Class Plaintiffs regularly work more than forty (40) hours per week but are not properly compensated for their work in that they are not paid an overtime premium at 1.5 times their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek. In this regard, Plaintiff contends that Defendants unlawfully misclassified her and Class Plaintiffs as exempt employees under the FLSA and failed to accurately track and pay them for all hours worked, including certain compensable pre- and post-shift work as well as certain compensable travel time in violation of the FLSA.

3. Accordingly, Plaintiff contends that she and Class Plaintiffs are owed unpaid overtime compensation which was denied them as a result of Defendants' unlawful pay practices.

4. Plaintiff brings this action as a representative action under the FLSA for monetary damages and penalties to seek redress for Defendants' willful, unlawful, and improper conduct.

5. Finally, Plaintiff brings this complaint in her individual capacity, contending that Defendants have unlawfully failed to pay her overtime compensation pursuant to the requirements of the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100, *et seq*.

## PARTIES

6. Plaintiff, Dayannah Woody-Stokes, currently resides at 51 Cloverdale Ave., 1st Fl. E, Upper Darby, PA 19082.

7. Defendant Spartan Races, Inc. is a business corporation, duly organized and existing under the laws of the State of Delaware, with a registered address of 234 Congress Street, 5th Fl, Boston, MA 02110.

8. Defendant OCR US Holdings, LLC d/b/a Tough Mudder is a subsidiary of Defendant Spartan Races, Inc., and is a business corporation, duly organized and existing under

the laws of the State of Delaware, with a registered address of 234 Congress Street, 5th Fl, Boston, MA 02110.

9. Defendants Spartan Races, Inc. and OCR US Holdings, LLC d/b/a Tough Mudder are a joint, single, and/or integrated employer with respect to the employees of Spartan Races, Inc., including but not limited to Plaintiffs and Class Plaintiffs. Upon information and belief, Defendants share employees (including, but not limited to Branding Leads and Festival Event Staff), office space (including, but not limited to the same registered corporate address), equipment, and collectively assert control over their employees for purposes of hiring, firing, discipline, scheduling, directing, and setting and enforcing payroll and other administrative policies.

10. For example, Spartan Race, Inc.'s employee handbook, which was distributed to Plaintiffs and, upon information and belief, was and is distributed to all employees of Spartan Race, Inc., makes frequent mention of Tough Mudder events.

11. Defendants operate throughout the United States, including this judicial district.

12. Defendants are "employers" and "enterprises" engaged in commerce and thus covered by the FLSA.

13. Upon information and belief, Defendants are covered enterprises and employers under the FLSA in that, in each of the past three (3) years, they each had an annual dollar volume of sales or business done of at least $500,000, and had multiple employees (including, but not limited to Plaintiff) engaged in commerce within the meaning of the FLSA.

14. Plaintiff and, upon information and belief, Class Plaintiffs, are employees who were/are employed by Defendants during all relevant times hereto and, as such, are employees entitled to the FLSA's protections. See 29 U.S.C. 203(e).

15. At all times relevant hereto, Defendants acted or failed to act through their agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendants.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

17. This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as her federal claims. See 28 U.S.C. § 1367(a).

19. The venue in this district is proper pursuant to 28 U.S.C. § 1391(a) and (c), because Defendants, by virtue of their business, are deemed to reside in this District.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21. This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendants.

22. Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendants in the position of Festival Event Staff and/or Branding Lead, or in positions with substantially

similar job duties, who worked for Defendants at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek due to: (a) their misclassification as "exempt" under the FLSA; and/or (b) Defendants' failure to track and compensate them for all compensable travel time ("Class Plaintiffs").

23.     Plaintiff estimates that there are in excess of twenty (20) other similarly situated Festival Event Staff members who either are currently working for Defendants and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices describe above. The precise number of employees can easily be ascertained by Defendants. These employees can be identified and located using Defendants' payroll and personnel records. Class Plaintiffs may be informed of the pendency of this collective action by direct mail and/or publication.

24.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly situated. Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendants' misclassification of them as exempt employees, or failure to track and compensate them for all compensable travel time, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendants' willful policies and practices, which are discussed more fully in this Collective Action Complaint, whereby Defendants have failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

25. Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendants, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## FACTUAL BACKGROUND

26. Paragraphs 1 through 25 are hereby incorporated by reference as though the same were fully set forth at length herein.

27. Plaintiff began her employment with Defendants on or around July 10, 2023 in the position of Festival Event Staff.

28. In or around January 2024, Plaintiff's role within Defendants was changed to Branding Lead, which is a position within the Festival Event Staff.

29. Despite the title change, Plaintiff's job responsibilities did not change.

30. At all times relevant hereto, Defendants considered Festival Event Staff and Branding Leads to be "exempt" employees within the meaning of the FLSA's overtime compensation requirements.

31. Upon information and belief, from July 10, 2023 through June 1, 2024, Plaintiff was classified as "exempt" and was purportedly paid on a salary basis, with a salary of $36,000.00 per year.

32. In their capacities as Festival Event Staff and/or Branding Lead, Plaintiff and Class Plaintiffs are responsible for setting up Defendants' event courses, making sure event sponsor signage is placed properly, assisting with set up and tear down of the festival area, and operating machines to help load/unload/move product/festival items.

33. Plaintiff and Class Plaintiffs provide the aforementioned services based on an event cycle determined by Defendants, who instruct Plaintiff and Class Plaintiffs where and when to report to work.

34. An event cycle last 12 to 16 days, with each day lasting at least 10 hours.

35. During a cycle, the number of hours Plaintiff and Class Plaintiffs work does not fluctuate.

36. For example, from September 20, 2023 to October 5, 2023, when Plaintiff was on a cycle in the Poconos in Pennsylvania, Plaintiff and Class Plaintiffs on that cycle began their days at 8:00 AM and ended their days at 6:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

37. By way of further example, from August 8, 2023 to August 24, 2023, when Plaintiff was on a cycle in Sonoma, California, Plaintiff and Class Plaintiffs on that cycle began their days at 7:00 AM and ended their days at 5:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

38. By way of further example, from October 25, 2023 to November 15, 2023, when Plaintiff was on a cycle in Dallas, Texas, Plaintiff and Class Plaintiffs on that cycle began their days at 8:00 AM and ended their days at 6:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

39. By way of further example, from February 8, 2024 to February 21, 2024, when Plaintiff was on a cycle in Arizona, Plaintiff and Class Plaintiffs on that cycle began their days at 7:00 AM and ended their days at 6:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

40. By way of further example, from March 8, 2024 to March 21, 2024, when Plaintiff was on a cycle in Atlanta, Georgia, Plaintiff and Class Plaintiffs on that cycle began their days at 7:00 AM and ended their days at 6:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

41. By way of further example, from May 10, 2024 to May 23, 2024, when Plaintiff was on a cycle in Big Bear, California, Plaintiff and Class Plaintiffs on that cycle began their days at 7:00 AM and ended their days at 6:00 PM; on race days, they started at 4:00 AM and ended between 6:00 PM and 7:00 PM.

42. When traveling to and from each cycle prior to July 1, 2024, Plaintiff and Class Plaintiffs were not compensated when traveling during normal business hours, despite being required to travel and stay overnight outsight of their home communities.

43. When traveling to and from each cycler after July 1, 2024, Plaintiff and Class Plaintiffs are only compensated for 8 total hours of travel, regardless of whether or not they are traveling during normal business hours solely for business purposes, and despite their travel frequently lasting well over 8 hours per travel day.

44. Despite consistently working over 40 hours per week, Plaintiff and Class Plaintiffs were not compensated for all hours worked over 40 in a workweek prior to July 1, 2024, when Defendants, upon information and belief, reclassified Plaintiff and Class Plaintiffs as "non-exempt" under the FLSA and PMWA.

45. Defendants unlawfully misclassified Plaintiff and Class Plaintiffs as "exempt" employees, thus determining that they were not entitled to overtime compensation under the FLSA and PMWA.

46. Defendants continue to willfully withhold overtime compensation for travel conducted for business purposes during normal business hours by failing to properly count all compensable travel time worked by Plaintiff and Class Plaintiffs towards their "hours worked" in violation of the FLSA and PMWA.

47. The above-referenced behavior evidences the willfulness of Defendants' violations of the FLSA and PMWA.

48. In violation of the FLSA, Defendants failed to accurately track, record, and report all the hours worked by Plaintiff and Class Plaintiffs due to their misclassification prior to July 1, 2024.

49. Both before and after their reclassification as non-exempt on or around July 1, 2024, Plaintiff and Class Plaintiffs have not had the authority to formulate, implement, or otherwise deviate from Defendants' pre-established policies or operating practices, but instead must perform their job duties subject to specific instructions and/or guidelines provided by Defendants.

50. As such, Plaintiff and Class Plaintiffs' primary job duties do not include the performance of work requiring advance knowledge and the consistent exercise of discretion and judgment.

51. Moreover, Plaintiff and Class Plaintiffs do not have the authority to commit Defendants in matters having significant financial impact, nor do they have the authority to negotiate or otherwise bind Defendants with respect to matters of significance.

52. Furthermore, Plaintiff and Class Plaintiffs' primary duty was not the performance of office or non-manual work related to Defendants' management or general business operations, but, rather, manual labor and/or field work outside the office setting.

53. As Festival Event Staff and/or Branding Leads, Plaintiff and Class Plaintiffs' job was routinely manual and mechanical as one of their main responsibilities was putting the festival stages together.

54. Additionally, Defendants do not require its Festival Event Staff and/or Branding Leads to have an advanced degree.

55. Accordingly, Plaintiff and Class Plaintiffs' do not qualify for the exemptions from overtime for professional or administrative employees under the FLSA or PMWA.

56. Moreover, in the position of Festival Event Staff and/or Branding Leads, Plaintiff and Class Plaintiffs do not have any managerial responsibilities, nor do Plaintiff and Class Plaintiffs have any employees reporting to them to whom they regularly give direction.

57. Furthermore, Plaintiff and Class Plaintiffs do not have the authority to hire or fire other employes, nor do they make any suggestions or recommendations regarding hiring or employee status changes to which Defendants give significant weight.

58. Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA or PMWA while employed in the position of Festival Event Staff and/or Branding Leads.

59. There are no other exemptions under the FLSA or PMWA which could arguably be applicable to Plaintiff and Class Plaintiffs.

60. Prior to July 1, 2024, Defendants failed to pay Plaintiff and Class Plaintiffs at a rate of 1.5 times their regular rate of pay for each hour they work in excess of forty (40) hours in a work week due to their misclassification as "exempt" from overtime compensation under the FLSA and PMWA.

61. Defendants continue to improperly compensate Plaintiff and Class Plaintiffs for all hours worked as it does not properly compensate Plaintiff and Class Plaintiff for certain compensable travel time in violation of the FLSA and PMWA.

62. As a result of Defendants' aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

63. Paragraphs 1 through 62 are hereby incorporated by reference as though the same were fully set forth at length herein.

64. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

65. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

66. According to the policies and practices of Defendants, Plaintiff and Class Plaintiffs worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff and Class Plaintiffs were denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

67. As a result, Defendants failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

68. The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

69. Defendants' actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

70. Defendants are liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief on behalf of herself and Class Plaintiffs:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. An Order from the Court ordering Defendants to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendants in the position of Festival Event Staff and/or Branding Lead, or in positions with substantially similar job duties, who worked for Defendants at any point in the past three (3) years who were denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek due to: (a) their misclassification as "exempt" under the FLSA; and/or (b) Defendants' failure to track and compensate them for all compensable travel time, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendants during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendants' conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.    Awarding Plaintiff and Class Plaintiffs unpaid overtime compensation in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendants, in accordance with the FLSA;

H.    Awarding pre- and post-judgment interest and court costs further allowed by law;

I.    Granting Plaintiff leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

### COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. § 333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION
### (As to Plaintiff Dayannah Woody-Stokes Only)

71.    Paragraphs 1 through 70 are hereby incorporated by reference as though the same were fully set forth at length herein.

72. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

73. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

74. By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours worked.

75. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully request that this Court enter judgment in her favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

**JACOBS & CRUMPLAR, P.A.**

/s/ Patrick C. Gallagher
Patrick C. Gallagher, Esq. (DE 5170)
10 Corporate Circle, Suite 301
New Castle, DE  19720
(t) (302) 656-5445
(f) (302) 656-5875
pat@jcdelaw.com

OF COUNSEL:

**MURPHY LAW GROUP, LLC**
Michael Groh, Esq.
Mary Kramer, Esq.
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA  19103
(t) (267) 273-1054
(f) (215) 525-0210
mgroh@phillyemploymentlawyer.com
mkramer@phillyemploymentlawyer.com

DATE:  March 6, 2025                           *Attorneys for Plaintiffs*

**DEMAND TO PRESERVE EVIDENCE**

The Defendants are hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and Class Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.