IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAYANNAH WOODY-STOKES, *on behalf of herself and all others similarly situated*, | : : : : | |
| | : | C.A. No. 1:25-cv-00267-GBW |
| Plaintiff, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| SPARTAN RACE, INC, | : : : | |
| and | : : | |
| OCR US HOLDINGS, LLC d/b/a TOUGH MUDDER | : : : : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO COLLECTIVE ACTION COMPLAINT AND AFFIRMATIVE DEFENSES**

Spartan Race, Inc., and OCR US Holdings, LLC d/b/a Tough Mudder ("Defendants"), by and through their attorneys, Marshall Dennehey, PC submit its Answer and Affirmative Defenses to Plaintiff's Complaint and state as follows:

**NATURE OF THE ACTION**

1. Paragraph 1 of the Complaint is merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

2. Defendants admit that Plaintiff is a current employee and is currently employed in the position of Branding Lead, which is part of the Festival Event Staff. Defendants deny the second sentence of paragraph 2. The allegations contained in the third sentence of the Complaint state a legal conclusion and no further response is required. To the extent of response is required, the allegations are denied.

3. Paragraph 3 of the Complaint is merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

4. Paragraph 4 of the Complaint is merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. To the extent of response is required it is denied.

5. Paragraph 5 of the Complaint is merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

## PARTIES

6. Based upon information and belief, Defendants admit the allegations in Paragraph 6.

7. Admitted.

8. Admitted.

9. The allegations contained in paragraph 9 of the Complaint state a legal conclusion and no further response is required.  To the extent a response is required, it is denied.

10. Admitted to the extent that the handbook speaks for itself.

11. Admitted.

12. The allegations contained in paragraph 12 of the Complaint states a legal conclusion and no further response is required. To the extent a response is required, it is denied.

13. The allegations contained in paragraph 13 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

14. The allegations contained in paragraph 14 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

15. Denied.

## JURISDICTION AND VENUE

16. The allegations contained in paragraph 16 of the Complaint states a legal conclusion and a further response is not required. Defendants admit, however, that this court has jurisdiction.

17. Admitted.

18. Admitted.

19. Admitted.

## FLSA COLLECTIVE ACTION ALLEGATIONS

20. Defendants repeat and incorporate herein all their responses set forth in Paragraphs 1 through 19 above.

21. The allegations contained in paragraph 21 of the Complaint are merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendant denies, however, any inference that it violated the referenced statutes.

22. The allegations contained in Paragraph 22 of the Complaint are merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

23. Defendants deny the allegations in Paragraph 23 as stated. However, Defendants admit the allegation that the precise number of employees can be ascertained by Defendants using payroll and personnel records.

24. The allegations contained in Paragraph 24 of the Complaint are merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

25. The allegations contained in Paragraph 25 of the Complaint are merely a characterization of Plaintiff's claims and, therefore, Defendants are not required to admit or deny. Defendants deny, however, any inference that they violated the referenced statutes.

## FACTUAL BACKGROUND

26. Defendants repeat and incorporate herein all their responses set forth in Paragraphs 1 through 25 above.

27. Admitted.

28. Admitted.

29. Admitted.

30. The allegations contained in paragraph 30 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, the allegations are denied.

31. The allegations contained in Paragraph 31 are denied as stated.

32. Admitted.

33. Admitted.

34. The allegations contained in Paragraph 34 are denied as stated.

35. The allegations contained in Paragraph 35 are denied as stated.

36. The allegations contained in Paragraph 36 are denied as stated.

37. The allegations contained in Paragraph 37 are denied as stated.

38. The allegations contained in Paragraph 38 are denied as stated.

39. The allegations contained in Paragraph 39 are denied as stated.

40. The allegations contained in Paragraph 40 are denied as stated.

41. The allegations contained in Paragraph 41 are denied as stated.

42. The allegations contained in Paragraph 42 are denied as stated.

43. The allegations contained in Paragraph 43 are denied as stated.

44. The allegations contained in Paragraph 44 are denied as stated.

45. The allegations contained in Paragraph 45 are denied as stated.

46. The allegations contained in Paragraph 46 are denied as stated.

47. The allegations contained in Paragraph 47 are denied as stated.

48. The allegations contained in Paragraph 48 are denied as stated.

49. The allegations contained in Paragraph 49 are denied as stated.

50. The allegations contained in Paragraph 50 are denied as stated.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. The allegations contained in paragraph 55 of the Complaint state a legal conclusion and no further response is required.

56. The allegations contained in Paragraph 56 are denied as stated.

57. The allegations contained in Paragraph 57 are denied as stated.

58. The allegations contained in paragraph 58 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

59. The allegations contained in paragraph 59 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

60. The allegations contained in Paragraph 60 are denied as stated.

61. The allegations contained in Paragraph 61 are denied as stated.

62. The allegations contained in Paragraph 62 are denied as stated.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. §201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

63. Defendants repeat and incorporate herein all their responses set forth in Paragraphs 1 through 62 above.

64. The allegations contained in paragraph 64 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

65. The allegations contained in paragraph 65 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

66. The allegations contained in Paragraph 66 of the Complaint are denied as stated.

67. The allegations contained in Paragraph 67 of the Complaint are denied as stated.

68. The allegations contained in paragraph 68 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

69. The allegations contained in Paragraph 69 of the Complaint are denied as stated.

70. The allegations contained in paragraph 70 of the Complaint state a legal conclusion and no further response is required. To the extent a response is required, it is denied.

WHEREFORE, Defendants deny Plaintiff's entitlement to the relief requested in the Complaint's WHEREFORE clauses.

## COUNT II
### PENNSYLVANIA MINIMUM WAGE ACT OF 1968
### 43 P.S. §333, *et seq.*
### FAILURE TO PAY OVERTIME COMPENSATION
### (As to Plaintiff Dayannah Woody-Stokes Only)

71. Defendants repeat and incorporate herein all their responses set forth in Paragraphs 1 through 70 above.

72. The allegations contained in paragraph 72 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

73. The allegations contained in paragraph 73 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

74. The allegations contained in paragraph 74 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

75. The allegations contained in paragraph 75 of the Complaint state a legal conclusion and no further response is required. To the extent that a response is required, it is denied.

WHEREFORE, Defendants deny Plaintiff's entitlement to the relief requested in the Complaint's WHEREFORE clauses.

## AFFIRMATIVE DEFENSES

WHEREFORE, having answered in full Plaintiff's Complaint, Defendants state below the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff, the Collective and Class Members have failed to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff and the Collective and Class Member's claims are barred to the extent that they concern matters on which she failed to exhaust administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

Any conduct by Defendants toward Plaintiff and the Collective and Class Members was based on legitimate, non-discriminatory reasons, and there is no basis for any claim against Defendants by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

Defendants have at all times relevant to the Complaint made good faith efforts to comply with its obligations under federal, state, and local laws involving wage and hour requirements.

## FIFTH AFFIRMATIVE DEFENSE

Defendant at all times acted in a legal and proper manner as to all personnel actions taken with regard to Plaintiff's employment.

## SIXTH AFFIRMATIVE DEFENSE

Defendants affirmatively deny that Plaintiff or any Collective or Class member was not paid the legally required wage.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant denies it violated the FLSA or the Pennsylvania Minimum Wage Act or that its actions were willful.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Any damages that Plaintiff has allegedly suffered were caused in whole or in part by her own conduct.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to mitigate her damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to state a claim for a Collective or Class Action.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to state a claim for liquidated or punitive damages against Defendants since there was no malice, reckless indifference to Plaintiff's rights, or willful or wanton conduct attributable to Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any Collective or Class member has waived its right to assert claims under the FLSA or the Pennsylvania Minimum Wage Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and any Collective or Class member is barred from recovery under the legal theory of unclean hands.

## RESERVATION OF RIGHTS

Defendants reserve the right to assert any and all additional affirmative defenses which may be determined during the course of discovery.

MARSHALL DENNEHEY, P.C.

*/s/ Keri L. Morris-Johnston*
Keri L. Morris-Johnston, Esq. (I.D. #4656)
1007 N. Orange Street, 6th Fl.
P.O. BOX 8888
Wilmington, DE 19899-8888
(302) 552-4372 – telephone
(302) 552-4340 – fax
klmorris@mdwcg.com
*Attorney for Defendants*

Dated: May 29, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DAYANNAH WOODY-STOKES, *on behalf of herself and all others similarly situated*, | : : : : | C.A. No.  1:25-cv-00267-GBW |
| Plaintiff, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| SPARTAN RACE, INC, | : : : | |
| and | : : | |
| OCR US HOLDINGS, LLC d/b/a TOUGH MUDDER | : : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants' Answer to Collective Action Complaint and Affirmative Defenses was electronically filed on May 29, 2025 and thereby served upon:

Patrick C. Gallagher, Esq. (#5170)
Jacobs & Crumpler, P.A.
10 Corporate Circle, Suite 301
New Castle, DE 19720

*and*

Michael Groh, Esq.
Mary Kramer, Esq.
MURPHY LAW GROUP, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
*Attorneys for the Plaintiff*

MARSHALL DENNEHEY, P.C.

/s/ *Keri L. Morris-Johnston*
Keri L. Morris-Johnston (#4656)
Nemours Building
1007 N. Orange Street, Suite 600
PO Box 8888
Wilmington, DE 19899
Telephone: (302) 552-4372
Facsimile:  (302) 552-4340
klmorris@mdwcg.com