

January 9, 2026

**<u>Via CM/ECF Only</u>**
The Honorable Gregory B. Williams
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26
Room 6124
Wilmington, DE 19801-3555

Re:   *Woody-Stokes v. Spartan Race, Inc.,* **et al.**
        D. Del. Case No.: 25-cv-00267-GBW

Dear Judge Williams,

      This office represents the Plaintiff, Dayannah Woody-Stokes ("Plaintiff") and the five (5) individuals who have already joined this putative collective action lawsuit as Opt-In Plaintiffs. I am submitting this letter pursuant to the Court's January 6, 2026 Order [D.I. 29] requiring any party seeking relief to outline the issues in dispute, its position on those issues, and supporting authority for its position(s). As of the submission of this letter, Defendants have not served their Rule 26(a)(1) Initial Disclosures, which were due by September 22, 2025, or their responses to Plaintiff's First Phase 1 Discovery Requests for Production of Documents or Plaintiff's First Set of Phase 1 Discovery Interrogatories Directed to Defendants, which were due by November 14, 2025.

## Nature of the Dispute

      The relief sought by Plaintiff is straightforward. As detailed in Plaintiff's letter on January 5, 2026, Defendants are in default of their discovery obligations in this matter. Those obligations, which Defendants have yet to meet and for which their counsel has not even offered an estimated timeframe for response, are as follows:

1. Defendants' Initial Disclosures, due by September 22, 2025 per the Court's September 17, 2025 Scheduling Order, have yet to be served.

2. Defendants' Responses to Plaintiff's First Phase 1 Discovery Requests for Production of Documents Directed to Defendants, served on Defendants on October 15, 2025 and thus due by November 14, 2025, have yet to be served.

3. Defendants' Answers to Plaintiff's First Set of Phase 1 Discovery Interrogatories Directed to Defendants, served on Defendants on October 15, 2025, and thus due by November 14, 2025, have yet to be served.

Under the relevant Federal Rules of Civil Procedure, responses to these discovery requests were due on November 14, 2025. <u>See</u> Fed. R. Civ. P. 34(b)(2)(A); 33(b)(2)(A). Defendants' Initial Disclosures were due by September 22, 2025, per the Court's September 17, 2025 Scheduling Order and Rule 26(a)(1)(C) of the Federal Rules of Civil Procedure.

As a consequence of Defendants' failure to comply with their discovery obligations, Plaintiff has been unable to conduct depositions of witnesses reasonably necessary to determine whether conditional certification of this matter for notice purposes is appropriate pursuant to 29 U.S.C. § 216(b), and has been prejudiced in her ability to prepare her anticipated Motion for Conditional Certification, currently scheduled to be filed on or before February 15, 2026.

### Efforts to Resolve the Dispute

On October 15, 2025, when serving Plaintiff's First Sets of Phase 1 Interrogatories and Requests for Production, I emailed Keri Morris-Johnston, Esq., counsel for Defendants, asking when I could expect to receive Defendants' Initial Disclosures. I did not receive a response. On November 18, 2025, Mary Kramer, Esq., counsel for Plaintiff, emailed Ms. Morris-Johnston requesting a status update regarding Defendants' Initial Disclosures and Defendants' responses to Plaintiff's written discovery requests. On November 24, 2025, I spoke with Ms. Morris-Johnston in person and conferred regarding Defendants' past-due discovery, emphasizing that the Initial Disclosures were particularly overdue. Ms. Morris-Johnson indicated that her paralegal had been on jury duty, which had contributed to the delay. On November 27, 2025, Ms. Morris-Johnston replied to Ms. Kramer's November 18, 2025 email as follows: "I am working on these documents. My office is waiting for information from the client. I will get the Initial Disclosures sent – however I need additional time for the other discovery requests." On December 1, 2025, Ms. Kramer emailed Ms. Morris-Johnston asking Ms. Morris-Johnston how much time she needed to provide the responses and Initial Disclosures. Ms. Morris-Johnston did not respond. I spoke with Ms. Morris-Johnston on the morning of January 9, 2026, and she indicated she needed to speak to her client. To date, Defendants have failed to provide an estimated timeframe for serving their Initial Disclosures or responses to Plaintiff's Phase 1 Discovery Requests, let alone serve them.

### Relief Requested

As relief, Plaintiff seeks an Order: (a) directing Defendants to serve their Initial Disclosure within three (3) business days of the Order; (b) holding that any objections Defendants had to the Interrogatories directed to them are waived by Rule 33(b)(4); (c) directing Defendants to serve their Answers to Interrogatories within three (3) business days of this Order; (d) directing Defendants to serve their Responses (and responsive documents) to the Requests for Production of Documents within three (3) business days of the Order; and (e) the revision of applicable case deadlines as follows: (i) extending the discovery cut-off for Phase 1 discovery related to Plaintiff's anticipated Motion for Conditional Certification for Notice Purposes under 29 U.S.C. § 216(b) by

45 days, from January 16, 2026 to March 2, 2026; and (ii) extending Plaintiff's deadline to file her Motion for Conditional Certification from February 15, 2026 to April 1, 2026.

                                        Respectfully submitted,

                                        */s/ Patrick C. Gallagher*

                                        Patrick C. Gallagher
                                        (DE Bar 5170)